**Raymond Lee BAKER, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

**Civ. A. No. 260–69–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 28, 1970.

Steingold, Steingold & Chovitz, Israel Steingold, Norfolk, Va., for plaintiff.

Williams, Cocke, Worrell & Kelly, William Prince, Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiff complains of the inadequacy of the jury verdict in this case awarding him $988.75 for damages and injuries alleged to have been received while in the employ of defendant.

Plaintiff's injuries resulted from striking his head against a "fence brace" while running along or adjacent to the right-of-way of the railroad, in the course of his employment. There was considerable conflict in the evidence. The issues of negligence, contributory negligence [1], extent of the injury, and amount of damages to be awarded were all submitted to the jury.

The injuries to plaintiff were not serious. Dr. Harrington, the first physician to see plaintiff, said he had "no bruises, scratches, or abrasions;" that X-rays taken were normal, and that he "never felt" plaintiff was unable to work. Plaintiff complained of pain in his neck, and headaches. While plaintiff asserted he was unable to perfrom his duties at the railroad, or to work at all, there was substantial credible evidence that on many of the days when plaintiff claimed he was unable to work because of pain, that he worked at another job. The right of the jury to determine these issues is explained in the court's language in the case of Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 510, 77 S.Ct. 443, 1 L.Ed.2d 493, where it said "Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ." It is the duty of the jury to weigh the contradictory evidence and inferences, determine the credibility of the witnesses, and ascertain the true facts from the evidence. They must select the conclusions which they consider most reasonable. The court cannot set the verdict aside merely because it does not agree with it. See Tennant v. Peoria & Pekin Union Ry., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497; Dixon v. Virginian Ry. Co., 250 F.2d 460, 462 (4th Cir. 1957).

Plaintiff cites the annotation in 20 A.L.R.2d 276, as authority for the court to set the verdict aside and grant a new trial on the issue of damages only. In Whitney v. Akers, 247 F.Supp. 763 (W.D.Oklahoma 1965), in commenting

---

1. Title 45 § 53—Contributory negligence does not bar recovery "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

on the annotation in 20 A.L.R.2d 276, the court at page 765 said:

> In the above cases and in all cases mentioned in the A.L.R. citation the general damages were either "clearly proved", "clear and undisputed", "proved by uncontradicted testimony", "contrary to all the evidence", "shown by the uncontradicted evidence", "damages conclusively established", or "damage which the undisputed testimony showed she had sustained."

This is not the situation here. As stated above, the plaintiff's claim of receiving personal injuries and pain and suffering from the accident were strongly controverted by lay and medical testimony introduced by the defendant. Such injuries and damages were not clearly proved or undisputed, or uncontradicted or conclusively established.

What is there said is plainly applicable here. Interestingly enough, in the Whitney case the jury awarded medical damages only and nothing for personal injuries.

The jury in finding its verdict for $988.75 added the language "the sum of 35 days at $28.25 per day." Plaintiff says this clearly shows the jury did not award any sum for pain or suffering. Such reasoning may be justified. But if justified, it is within their right. Yet, the jury may have felt that since plaintiff was working elsewhere during much of the time he contended he could not perform his duties at the railroad, he was not entitled to any sum for pain and suffering; or if the pain was not sufficient to prevent his working, he should not be compensated for it; or that an allowance for pain was included by paying him a full day's pay. Or there may have been many other reasons why a larger sum was not awarded.

No suggestion of bias, prejudice or improper conduct having been made, and none appearing, the jury verdict should not be disturbed. The motion is denied and the judgment entered on the verdict will stand.