Leslie S. NIZIN, Plaintiff,

v.

James R. BRIGHT et al., Defendants.

No. 71-Civ. 3360.

United States District Court,
S. D. New York.

Feb. 7, 1972.

Pomerantz, Levy, Baudek & Block, New York City, for plaintiff; Abraham L. Pomerantz, Stanley M. Grossman, New York City, of counsel.

Rogers, Hoge & Hills, New York City, for defendant Pioneer Fund, Inc.; Sidney P. Howell, Jr., Clendon H. Lee, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Cogan, Carret, Fund Research and Management, Inc., and Pioneering Management Corp.; Daniel R. Murdock, New York City, of counsel.

Valicenti, Leightom, Reid & Pine, New York City, for defendants George F. Mosher and Edwards C. Whitmore; Albert D. Jordan, New York City, of counsel.

MEMORANDUM

CROAKE, District Judge.

This is a shareholder derivative action brought on behalf of Pioneer Fund, Inc. (Fund) against the Fund and its directors as of August 1968, Pioneering Management Corporation (PMC), Fund Research and Management, Inc. (Fund Research), and certain of the officers and directors of PMC and Fund Research who were members of the Board of Directors of the Fund as of August 1968, Western Reserve Holding Corporation (Western Reserve), and any other person who in 1968 exchanged their securities of Fund Research for those of Western Reserve. The complaint alleges violation of federal securities law and common law. Jurisdiction is based on

the Investment Company Act of 1940, 15 U.S.C. § 80a–1, et seq. (the Act), and the principles of pendent jurisdiction.

By this motion, defendants John F. Cogan, Jr., Philip L. Carret, Fund Research and PMC move for an order pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of Massachusetts.

In 1968 and prior thereto PMC acted as investment advisor to the Fund, a mutual fund incorporated in Massachusetts. PMC was a wholly owned subsidiary of Fund Research, which, in 1968 and prior thereto, acted as the principal underwriter for fund shares and sold Fund shares to the public on a continuous basis by contractual arrangement.

This action stems from a June 1968 Agreement (Agreement) entered into by Fund Research and Western Reserve which resulted in the merger of FRM Corp. (FRM), wholly owned by Western Reserve, into Fund Research, with Fund Research the survivor corporation; at the same time Fund Research became a wholly owned subsidiary of Western Reserve. Shortly after the Agreement was signed, and following distribution of a notice of meeting and a proxy statement, shareholders of the Fund approved reinstatement of the advisory and underwriting agreements with PMC and Fund Research, respectively.

Plaintiff asserts that the foregoing transactions resulted in a sale to Western Reserve of Fund Research's fiduciary positions as investment advisor and principal underwriter of the Fund because the value of the Western Reserve stock received by the shareholders of Fund Research was purportedly substantially in excess of the "net asset value" of the Fund Research stock given up in exchange. He contends, therefore, that the defendants, by allegedly using their best efforts in support of these transactions, breached their fiduciary duties to the Fund by causing the alleged amount Western Reserve was willing to pay for the privilege of controlling or becoming the advisor and principal underwriter of the Fund to be paid to the shareholders of Fund Research, rather than channeling it to the Fund. Furthermore, he contends that shareholder approval of the above transactions was obtained by the use of a false, misleading and incomplete proxy statement in violation of §§ 20(a) and 34(b) of the Act and the rules and regulations issued thereunder.

■ The motion to transfer this action to the United States District Court for the District of Massachusetts is decided with a concern "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but without a clear-cut test. Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958) (Kaufman, J.). The court balances factors presented by the parties to determine whether the movants have sustained their burden of proving that the court is justified in transferring the action from the forum choice of the plaintiff. Silverman v. Wellington Management Co., 298 F. Supp. 877, 879–881 (S.D.N.Y.1969); Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967) (Weinfeld, J.). See Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

■ Movants, on their behalf, assert that the convenience of the parties and witnesses would best be accomplished by this transfer. In support they note that the Fund, Fund Research, and PMC have their sole offices located in Boston, in the District of Massachusetts. As of the time that this motion was presented four of the seven named individual director defendants were served; of the four, three are located in Boston (Bright, Cogan, and Hellmuth) and none of the four works or resides in the Southern District of New York. In 1968, at the time of the disputed reorganization, Fund Research had only ten shareholders, all of whom were, and are, located in Boston, Massachusetts (Cogan, Aff. ¶ 12).

A prior derivative action brought on behalf of the Fund in this district, against all defendants named in the present action with the exception of Western Reserve, and based on alleged approval by defendants of excessive fees and commissions on Fund transactions, was transferred pursuant to 28 U.S.C. § 1404(a) by order of Chief Judge Edelstein, dated February 16, 1971, and is presently pending in the District of Massachusetts. Stanley v. Carret, CCH Fed.Sec.L.R. ¶¶ 92,952 (S.D.N.Y.1971).

Furthermore, movants allege that the regular and long-standing legal counsel of the corporate defendants located in Boston, the firm of Hale and Dorr, has its offices in Boston. Two of the defendants are members of that firm. The contested Agreement followed negotiations between Fund Research and Western, conducted primarily in Boston. All the shareholders of Fund Research (ten in all) approved the Agreement at a meeting in Boston. Movants indicate that individuals whose testimony would be relevant and necessary in defense of this action work and reside in the Boston area, and most are actively engaged in the daily operation of the defendant companies.

Defendants Mosher, Whitmore, and the Fund support his motion to transfer. Mosher and Whitmore, through their attorney, state that in the event that transfer is granted, they "will attend thereof [sic] and will arrange for local representation" (Jordan, Aff. ¶ 3). The Fund joins in support of a transfer seeking to avoid unnecessary expense and inconvenience by having to defend in two forums.

Opposing the motion transfer, plaintiffs contend that the testimony of witnesses based in Boston and proposed by movants are irrelevant and unnecessary to this action. They also assert that New York is as convenient as Boston to the parties. Furthermore, it is alleged that this action is based on completely different issues from Stanley v. Carret, *supra*. The nub of plaintiff's position is that: "It is irrelevant who negotiated the contract for the sale of the fiduciary office and it is irrelevant why the sale occurred. The facts are what they are —the advisor was sold. The only issue, a legal one, is whether or not the transaction was forbidden." (Pomerantz, Aff. p. 5.) The "defendants' desire to transfer the case from the Second Circuit is to escape the application of Rosenfeld v. Black [445 F.2d 1337 (2d Cir. 1971)];[1] not 'for the convenience of parties and witnesses' or 'in the interest of justice.'" (Pomerantz, Aff. p. 2.)

The movants have made a strong showing in support of this motion to transfer. It is evident that this action can be best pursued in the District Court of Massachusetts where parties, witnesses, documents, the conduct complained of, and another suit concerning basically the same defendants are presently located. *See* Schlusselberg v. Werly, 274 F.Supp. 758 (S.D.N.Y.1967) (Wyatt, J.). The plaintiff has not demonstrated a resulting prejudice to himself if this motion to transfer is granted, beyond indicating that the Second Circuit has taken up the alleged singular issue of concern in this suit.[2] The motion before the Court at this time is a motion to transfer and not a motion for summary judgment. Therefore, this is not the proper time to discuss whether, "The facts are what they are." If plaintiff is so advised he may move for summary judgment in the District of Massachusetts. If at that time it is determined that summary judgment as to liability is appropriate, then that same forum will be in a better position to continue the litigation to determine the

---

1. *But see* Rosenfeld v. Black, 336 F.Supp. 84 (S.D.N.Y.1972), approving a settlement in the action, in which Judge Gurfein states that factual issues remain after the case had been remanded.

2. The First Circuit has recently discussed fiduciary obligations of directors of a Mutual Fund, Moses v. Burgin, 445 F.2d 369 1st Cir. 1971), cert. denied *sub nom.* Johnson v. Moses, 404 U.S. 994, 92 S.Ct. 532, 30 L.Ed.2d 547 (1971).

damages. On the other hand, should that forum find that summary judgment is inappropriate then it will be in the better position to conduct a trial of the dispositive issues.

The Court is satisfied that transfer to the District of Massachusetts will be for the convenience of parties and witnesses, in the interest of justice.

Accordingly, the motion is granted. Submit order on notice.

So ordered.