**MEDICENTERS OF AMERICA, INC.**

v.

**T AND V REALTY & EQUIPMENT CORP.**

Civ. A. No. 73–662–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 11, 1974.

Joseph M. Spivey, III, G. H. Gromel, Jr., Hunton, Williams, Gay & Gibson, Richmond, Va., for plaintiff.

J. Stanley Livesay, Jr., Portsmouth, Va., for defendant and third party plaintiff.

G. H. Gromel, Jr., Richmond, Va., for third party defendant.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, Medicenters of America, Inc., seeks contract damages against the defendant, T and V Realty and Equipment Corporation. The defendant, in turn, has counterclaimed against the plaintiff and has brought a related claim against the American Casualty Company of Reading, Pennsylvania, whom the defendant has joined as a third party defendant herein. Jurisdiction is alleged, and for present purposes will be presumed to exist, on the basis of diversity of citizenship. 28 U.S.C. § 1332.

The defendant has moved to transfer the case to this Court's Norfolk Division. The plaintiff and third party defendant have responded to that motion and the matter is now ready for disposition.

Briefly, the relevant facts are the following. The plaintiff (Medicenters) is a Tennessee corporation with its home office and principal place of business in Memphis, Tennessee. The defendant (T & V Realty) is a Virginia corporation with its principal place of business in Portsmouth, Virginia. The third party defendant (American) is a Pennsylvania corporation, whose principal place of business is alleged to be outside the State of Virginia.

On or about March 20, 1973, in Richmond, Virginia, the plaintiff, Medicenters, entered into a contract with the defendant, T & V Realty, whereby the plaintiff agreed, for a specified sum, to construct an addition to a building known as the "Manning Convalescent Home" in Portsmouth, Virginia, which building is owned by the defendant. Now, each party alleges that the other breached the contract and each seeks from the other compensation for its alleged resulting damages.

The third party defendant, American, was guarantor for the plaintiff, Medicenters, under a performance bond and payment bond executed by American, for consideration, simultaneous to and as part of the contract between the plaintiff and the defendant. The defendant, in its cross claim, has joined American in the latter's capacity as guarantor of the plaintiff's performance.

The defendant asserts two grounds for its motion to transfer:

1. That venue in the Richmond Division is improper under the provisions of 28 U.S.C. § 1393(a) and that transfer to the Norfolk Division, wherein venue is proper under the provisions of § 1393(a) would be appropriate under 28 U.S.C. § 1406(a).

2. That, assuming venue in the Richmond Division is proper, in the first instance, the convenience of the parties and witnesses makes transfer to the Norfolk Division appropriate under 28 U.S.C. § 1404(a).

The plaintiff disagrees that venue in the Richmond Division is improper, in the first instance. The plaintiff asserts that, in any case, the defendant has waived any defects as to venue by filing its counterclaim in this division. Finally, the plaintiff disputes that the convenience of the parties and witnesses makes transfer to the Norfolk Division appropriate under 28 U.S.C. § 1404(a).

The Court disagrees with the plaintiff's contention that the defendant has waived any defects in venue by filing its counterclaim herein. The coun-

ter-claim which the defendant presently asserts is clearly a compulsory counter-claim under Rule 13(a), F.R.Civ.P. Cognizant of the conflicting authority over this issue and in the absence of a controlling decision by either the Supreme Court or the Court of Appeals for this Circuit, the Court considers more persuasive the reasoning in those decisions which hold that the filing of a compulsory counter-claim does not waive defects in personal jurisdiction and venue, as would the filing of a permissive counterclaim. See 5 Wright and Miller, § 1397, at pp. 876–80, supplement, and cases cited therein.

 The Court would also note that, assuming it would find 28 U.S.C. § 1393(a) to be the controlling provision in this case, it would be inclined to agree with the defendant that this present record falls short of establishing the defendant's residence within the Richmond Division.[1] This is not to dispute that corporate residence within a division is, like corporate residence within a federal district, governed by the provisions of 28 U.S.C. § 1391(c). See Johnson v. Tri-State Motor Transit Co., 263 F.Supp. 278 (W.D.Mo.1966). Rather, it is merely to suggest that the present record fails to establish that the defendant was "doing business" within this Division, sufficient to establish residence under §§ 1391(c), 1393(a). All the plaintiff has thus far shown is that the defendant engaged in the simple act of entering into one contract, the contract here in controversy, within the City of Richmond.[2] The Court does not dispute that this activity would likely be sufficient to establish the "minimum contacts" necessary for the exercise of *in personam* jurisdiction over the defendant within the forum state,[3] were that an issue in this case. However, the Court is inclined towards the defendant's position that a different standard applies with respect to corporate residence for venue purposes, and that a greater level of activity would be required to constitute "doing business" under § 1391(c). See Martin v. Fischbach Trucking Co., 183 F.2d 53 (1st Cir. 1950); Carter v. American Bus Lines, 169 F.Supp. 460 (D.Neb.1959); Rensing v. Turner Aviation Corp., 166 F.Supp. 790 (N.D.Ill.1958); Remington Rand v. Knapp-Monarch Co., 139 F.Supp. 613 (E.D.Pa.1956). But, see authorities *contra* cited in 1 Moore's Federal Practice, § 0.142 [5.–3], at p. 1500, n. 43.

The Court would finally note, however, that there is substantial doubt as to the controlling effect of 28 U.S.C. § 1393(a) in this case. First, there is some authority for the proposition that § 1393(a) should not be held applicable to *corporate* defendants in any case. See Sharp v. Commercial Solvents Corp., 232 F.Supp. 323 (N.D.Tex.1964). Second, while the only case, of which the Court is aware, that has decided the issue is to the contrary, it is arguable, at least, that § 1393(a) comes into play only where venue *within the district*[4] is, in the first instance premised solely on the defendant's residence. *Cf.* Torres v.

1. Anticipating the possibility that the Court would reach this conclusion, the plaintiff has requested that disposition of the present motion be delayed, pending its attempts to discover the full extent of the defendant's business activities within this division. However, in view of the ultimate disposition of the motion herein, the issue is not controlling and there is, therefore, no necessity for granting the plaintiff's request.

2. The defendant, on the other hand, has pointed out that its regulatory agreement with the FHA imposes severe limitations on its practical ability to "do business" outside the Portsmouth, Virginia area.

3. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *But, cf.* Lee v. Walworth Valve Co., 482 F. 2d 297 (4th Cir. 1973).

4. It goes almost without saying that because § 1393(a) relates to venue *between divisions within a given district*, venue within the district itself is presumed to be present, or the dispute as to the appropriate division therein would not arise.

Continental Bus System, Inc., 204 F. Supp. 347 (S.D.Tex.1962). The suggestion is that when venue within the district can be based on something other than the defendant's residence [e.g., plaintiff's residence, under 28 U.S.C. § 1391(a); place where the cause of action arose, under 28 U.S.C. § 1391(a) or (b)] venue may be proper in any division within that district, the defendant's residence within a particular division thereof notwithstanding, the same as it would be if the defendant did not reside in the district at all.

■ In this case there is an alternative basis for venue within this district, aside from the fact that the defendant happens to reside herein. Under Virginia law the cause of action would be held to have arisen within this district, as the contract in question was entered into in the City of Richmond. See Big Seam Coal Corp. v. Atlantic Coast Line R. Co., 196 Va. 590, 85 S.E.2d 239 (1950). *Cf.* 28 U.S.C. § 1391(a).

■ However, the Court need not finally decide these issues in the instant case. There is apparently no dispute that venue would have been proper in the Norfolk Division, had the plaintiff originally filed the action therein, as it is clear that the defendant does reside in that division, at least. Assuming, on the one hand, that venue has been improperly laid in the Richmond Division, the Court concludes that it would be appropriate to transfer the case to the Norfolk Division, pursuant to 28 U.S.C. § 1406(a). Assuming, on the other hand, that venue has been properly laid in the Richmond Division, the Court, nevertheless, concludes that, for the reasons hereinafter discussed, the convenience of the parties and witnesses makes the transfer of this case to Norfolk appropriate, under the provisions of 28 U.S.C. § 1404(a).

In support of its motion to transfer under 28 U.S.C. § 1404(a), the defendant has submitted an affidavit by one of its officers which attests to the fact that the defendant corporation's business office is in Portsmouth, Virginia, and that all of its business records are kept there. The affiant also states that several of the potential witnesses in this case reside in and around Portsmouth, and consequently within the Norfolk Division. These include: various of the defendant's employees; the architect involved in the construction project here in question; the lender of funds comprising the construction loan; the local Federal Housing Authority inspectors, whose job it was to make weekly inspections of the progress of the construction prior to FHA approval of periodic payments to the plaintiff-contractor.

The defendant has, in its brief, also pointed out that the plaintiff is not itself domiciled within the Richmond Division, but maintains its home office in Memphis, Tennessee. The defendant's affiant states that the plaintiff did, however, maintain a field office at the construction site in Portsmouth. In the absence of a contrary showing, it is fair to assume that the plaintiff's own records, relevant to this controversy, are kept either at the Portsmouth field office or at the plaintiff's main office in Memphis, but in any case not in Richmond. It is likewise fair to assume that the plaintiff's employees, who would testify at trial, reside either in the Portsmouth area or Memphis, but in any case not in Richmond.

Finally, in the defendant's affiant notes that the only potential witness or witnesses, of which he is aware, who reside in the Richmond area, are FHA regional officials, superior to the local inspectors, who were ultimately responsible for approving or disapproving periodic payments to the contractor.

The plaintiff has made no attempt to dispute the factual representations above, nor has the plaintiff come forth with factual representations of its own regarding other witnesses or factors to be considered.

■ Turning then to the applicable principles of law, the plaintiff correctly points out that the initial choice of fo-

rum, from among those possible, is a privilege given to the plaintiff. Hawkins v. National Basketball Ass'n, 295 F. Supp. 103, 104 (W.D.Pa.1969). To overcome that privilege a movant, under 28 U.S.C. § 1404(a), bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought. See Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967); Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966); Baker v. Norfolk & Western R. Co., 311 F.Supp. 1405 (E.D.Va.1970). *Cf.* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1947) (forum non conveniens). On the facts presented, the Court concludes that the defendant has carried that burden in this case.

The Court has taken note of the suggestion in plaintiff's brief that the defendant and witnesses residing in the Portsmouth area must travel from home whether the case be tried in Richmond or Norfolk and therefore, the relative difference in convenience to these individuals is not great.[5] The answer to such frivolity is that the distance from Portsmouth to Richmond is approximately 100 miles. The distance from Portsmouth to Norfolk is approximately 3 miles. Clearly, considering their proximity to Norfolk, it would be of great convenience to the defendant and to those potential witnesses who reside in the Portsmouth area to have the case tried in Norfolk.

■ Conversely to the plaintiff's own suggestion regarding the relative difference in convenience to the defendant, it would appear that the relative difference to the plaintiff between having the case tried in Richmond or Norfolk is slight. The plaintiff and its employee-witnesses would have to travel a great distance from Memphis in either case. The fact that the plaintiff's attorney resides in Richmond is of little consequence. See Xerox Corp. v. Litton Industries, Inc., 353 F.Supp. 412, 415–416 (S.D.N.Y. 1973).

■ Finally, noting the potential that one or a few regional FHA officials residing in Richmond might be called upon to testify at trial, the Court does not agree with the defendant that the effect of transfer is merely to shift the inconvenience from one party or group of witnesses to another. *Cf.* Breindel v. Levitt and Sons, Inc., 294 F.Supp. 42, 44 (E.D.N.Y.1968). It is the "balance" of convenience which is in question. Nizin v. Bright, 342 F.Supp. 489 (S.D.N.Y. 1971). Granted, as already stated, it is the movant's burden to show that the balance is beyond dead center, and strongly favors the transfer sought. See Peyser v. General Motors Corp., 158 F.Supp. 526 (S.D.N.Y.1958). In this case, the total convenience to the defendant and the several potential witnesses residing in the Portsmouth area, which strongly supports transfer, is only slightly offset by the inconvenience to the few FHA officials who reside in the Richmond area. The balance is not thereby held at dead center. *Cf.* Peyser v. General Motors Corp., *supra.* Moreover, the defendant represents to the Court that the nature of potential testimony by the regional FHA officials who reside in the Richmond area may be such that it could be stipulated at trial.

For the reasons stated, the defendant's motion to transfer will be granted and the case will be ordered transferred to the Norfolk Division.

An appropriate order shall issue.

---

5. The Court takes judicial notice that it is not unusual for witnesses in any case to be put to the inconvenience of leaving their homes in order to attend court. Such is the minimum price all of us must pay, absent a system of judicial curb service.