**William W. ROWE, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

**Civ. No. 81–10012.**

United States District Court,
E. D. Michigan, N. D.

May 5, 1981.

Peter J. Riebschleger, Saginaw, Mich., for plaintiff.

Paul R. Eichbauer, Steven B. Hantler, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This matter is before the Court on defendant's motion for a change of venue from the Northern Division to the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 1404(a), (b).

The following relevant facts may be discerned from the complaint and answer. Plaintiff is a resident of South Carolina. Defendant is a corporation licensed to do business under the laws of the State of Michigan with the principal place of business located in same. On or about December 27, 1977, plaintiff entered into a sales contract with a dealership of defendant in South Carolina for a new 1978 Dodge truck. Plaintiff deposited $1,000.00 with the dealership at the time of the agreement. According to plaintiff, defendant failed to deliver the truck and the defendant, via the dealership, failed to return the deposit.

█ The sole issue raised by defendant's motion is whether the Court, in its sound discretion, should transfer this civil action to another division where the cause of action might have been brought, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a), (b). It is well settled that a request for change of venue contemplates the prevention of a waste of time, energy and money as well as the protection of litigants, wit-

nesses and the public against unnecessary inconvenience and expense. *Wright v. American Flyers Airline Corp.*, 263 F.Supp. 865 (D.S.C.1967).

In response to these factors, the Court observes that defendant's physical facilities, employees and business records are located in the Southern Division. Plaintiff is a South Carolina resident, presumably still resides in South Carolina and entered into the contract at issue in South Carolina. Moreover, there is no direct air transportation from South Carolina to any airport in the Northern Division. The contrary is true in the Southern Division. It also appears that no prospective witness resides in or is a native of the Northern Division.

██ While the forum selected by plaintiff may seem paradoxical, the initial choice of forum, from among those possible, belongs to him. *Hawkins v. National Basketball Assoc.*, 295 F.Supp. 103 (W.D.Pa., 1969). However, the choice is not sacrosanct. *General Felt Products Co. v. Allen Industries Inc.*, 120 F.Supp. 491 (D.Del.1954). The movant carries the burden of showing that once all the relevant factors are scrutinized, fairness and practicality *strongly* favor the forum to which transfer is sought. *Medicenters of America Inc. v. T & V Realty & Equipment Corp.*, 371 F.Supp. 1180 (E.D.Va.,1974).

█ The Court is of the opinion that the defendant has carried the required burden. A forum which is inconvenient to both parties is inimical to the plain meaning of 28 U.S.C. § 1404. *Cf. Levin v. Mississippi River Corp.*, 289 F.Supp. 353 (D.N.Y., 1968); *Northwest Animal Hospital Inc. v. Earhardt*, 452 F.Supp. 191 (D.Okla.1977). Plaintiff justifies the selected forum by stating that since defendant does business in the Northern Division, then venue is permissible in the Northern Division. However, there is no escaping the fact that the only contact either party has to the selected forum is that plaintiff's attorney resides in the Northern Division. This fact alone carries little persuasive force. *Xerox Corp. v. Litton Industries Inc.*, 353 F.Supp. 412 (S.D.N.Y.1973); *Medicenters, supra* at 1184.

In view of the above, defendant's motion for a change of venue to the Southern Division is hereby GRANTED. The Clerk shall transfer this action to the United States District Court for the Eastern District of Michigan, Southern Division at Detroit.

IT IS SO ORDERED.