**Edna NIZAMI, Susan Nizami, an infant under the age of 14 years, by her parent and natural guardian, Mohammed Nizami, and Mohammed Nizami, Plaintiffs,**

v.

**Robert WOODS, Defendant.**

**No. 66 Civ. 3207.**

United States District Court
S. D. New York.

Jan. 11, 1967.

Barry, McTiernan & Congdon, New York City, Roger P. McTiernan, New York City, of counsel, for plaintiffs.

Theodore T. Weiser, New York City, Alex Goodman, New York City, of counsel, for defendant.

## MEMORANDUM DECISION

MANSFIELD, District Judge.

Plaintiffs, residents of Maryland, brought this diversity suit against a resident of Baldwinsville, New York (located in the Northern District of New York) for damages arising out of an automobile accident in Baldwinsville.

Defendant's motion to dismiss the action on the ground of improper venue is granted without prejudice. Plaintiffs' cross-motion, purportedly under 28 U.S.C.A. § 1404(a) for an order directing that the action remain in this District, is denied.

 Since none of the parties reside in this District and since the accident did not occur here, a civil action founded on diversity of citizenship may not be brought here, there being no venue here, 28 U.S.C.A. § 1391(a) and (f). 28 U.S.C.A. § 1406(a) provides:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Since the action could not have been "brought" in this District and since plaintiffs have furnished no reasons why it would be more in the interest of justice for the Court to transfer the case rather than to dismiss it without prejudice, defendant's motion to dismiss is granted without prejudice.

Plaintiffs' cross-motion for an order that this Court retain the action or transfer the case to itself is based on 28 U.S.C.A. § 1404(a)—a statute which vests no authority in this Court to grant such relief. Section 1404(a) provides a means to accommodate the convenience of the parties by referring a suit to an appropriate forum, but it is inapplicable unless venue is properly laid in the court which is asked to make the transfer.

Hargrove v. Louisville & N. R. Co., 153 F. Supp. 681 (W.D.Ky.1957). Since venue in this District is improper, § 1404(a) quite clearly does not apply. Furthermore, even if this Court did have the power to apply § 1404(a) in this instance, it would be of the opinion, in the exercise of its discretion, that the circumstances here would not call for such a retention, since the convenience and availability of the defendant and liability witnesses, who are located in the Northern District of New York, would dictate that the action should properly be situated in that forum.

So ordered.