Harold **KONIGSBERG**, Plaintiff,

v.

Judge Elmo B. **HUNTER** et al.,
Defendants.

No. 2527.

United States District Court,
W. D. Missouri, S. D.

Jan. 23, 1970.

Harold Konigsberg, pro se.

Anthony P. Nugent, Asst. U. S. Atty., Kansas City, Mo., for defendants.

## MEMORANDUM ORDER AND SUMMARY JUDGMENT

COLLINSON, District Judge.

This is a civil action for damages instituted pro se by Harold Konigsberg. He is incarcerated at the United States Medical Center for Federal Prisoners, located in Springfield, Missouri. He brings this action against the defendants to recover $350,000.00 in damages for various wrongs he states he has suffered during his time at the Medical Center and during a recent proceeding on his petition for writ of habeas corpus presented to another division of this Court.

The named defendants are Judge Hunter, who presides over Division IV of this Court, and who heard the previous petition for writ of habeas corpus; Mr. Hamilton and Mr. French of the United States Attorney's office, who handled that petition for the respondent United States; Dr. Ciccone, the Director of the Medical Center; Officers Riggsby, Malley, Naughgle, Dent, Sayre, and Crosswhite, who work at the institution as correctional officers; Mr. Alexander, the recently retired Director of the Bureau of Prisons; Mr. Hagen, the former Assistant Director of that Bureau; and Mr. Heaney, the Acting Assistant Director for Institutional Services.

The complaint and the reply to the motion to dismiss, which may fairly be construed as amending the complaint, indicates what acts each of the defendants committed that plaintiff complains about. Judge Hunter allegedly entertained ex parte matters in connection with the petition for writ of habeas corpus to plaintiff's detriment; misled plaintiff as to a delay in that same case; and sought assurance from an appellate judge that his opinion in that same case would be upheld.

Mr. French and Mr. Hamilton allegedly aided in the ex parte matters complained of earlier; peeped at plaintiff when he was naked; and agreed to alle-

viate some of the conditions of plaintiff's confinement but did not do so.

Dr. Ciccone and the rest of the officers at the Medical Center, are alleged to have deprived plaintiff of legal assistance, mailing privileges (characterized by plaintiff as an absolute right) and the withholding of legal paraphernalia.

Mr. Dent interfered with plaintiff's counsel on visits to the institution by making noise; Mr. Naughgle and Mr. Crosswhite refused to stop the noise making, and Mr. Crosswhite also allegedly withheld legal materials.

Mr. Sayre supposedly interfered with plaintiff's correspondence by mail and caused plaintiff to spend his own money to trace the mail, with the alleged knowledge of Dr. Ciccone and Mr. Riggsby.

Mr. Riggsby, Mr. Malley, Mr. Naughgle, Mr. Alexander, Mr. Heaney and Mr. Hagen are all stated to be guilty of each of the above acts relating to the institution by virtue of a conspiracy.

Out of all these allegations, plaintiff asserts that there is a malicious conspiracy to deprive him of his constitutional rights, due process of law, and equal protection of the laws.

After the original complaint was filed, defendants filed a motion to dismiss. Plaintiff then filed a reply to that motion, which set out the specific allegations noted above. Since he made his complaint more definite, there is no need to rule the motion to dismiss.

■ Plaintiff presented a motion that each of the above defendants be required to hire his own counsel or represent himself, since plaintiff stated that they were not entitled to the services of the United States Attorney because their acts were intentional and malicious. That motion is denied. It is the duty of the United States Attorney to represent federal officials in suits arising out of their employment, and this suit did so arise, without question.

Defendants submitted a motion for summary judgment as to each of them. Each defendant executed an affidavit in support of that motion. The affidavits are generally similar: they recite that the affiant is an employee of the Government; set forth the general area of his duties; and that their actions with regard to Harold Konigsberg were taken as a result of their employment with the government; and state that the affiant is not a part of any conspiracy and is not aware of any such conspiracy.

Although this Court wrote plaintiff a letter on December 9, 1969, inquiring if he had any additional matters to submit in opposition to the affidavits and the motion for judgment, plaintiff has submitted nothing. Therefore, the affidavits must be taken as true. Rule 56(e), F.R.Civ.Pr., provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, (meaning by supporting affidavits), an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ The methods by which a party may oppose affidavits are set forth as depositions, answers to interrogatories, or further affidavits. Plaintiff has submitted none of these, though this Court directed his attention to the affidavits and the pending motion for summary judgment and inquired if he had material to submit in opposition. More than a month has passed since our inquiry, and there has been no response to it.

The case is thus in a proper posture for a ruling on the defendants' motions for summary judgment.

■ As to the first named defendant, the Honorable Elmo B. Hunter, U. S. District Judge, there can be no question that the principle of judicial immunity requires a summary judgment for Judge Hunter. It should be noted in passing that the case in which complainant ac-

cuses Judge Hunter of depriving him of his rights is reported (Konigsberg v. Ciccone) at D.C., 285 F.Supp. 585 and was fully affirmed by our Circuit Court on October 24, 1969, reported at 417 F. 2d 161.

Under the well known doctrine of Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966) complainant has not even stated a cause of action by his allegations against Judge Hunter.

The other defendants rely on the theory of official immunity. This is a theory of the law which, basically, provides that an officer of the United States, acting in the course of his official duties, enjoys immunity from suit as a result of his decisions and actions in carrying out his duties. The theory is well established in the law.

The protection afforded officials extends to a wide variety of officers. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434, concerned the Acting Director of the Office of Rent Stabilization; Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959), the Commander of the Boston Naval Shipyard; Gregorie v. Biddle, 177 F.2d 579 (2nd Cir. 1949), the Attorney General of the United States, and the District Director of Immigration; Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2nd Cir. 1962), cert. den. 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050, contracting officers of the GSA; Papagianakis v. The Samos, 4 Cir., 186 F.2d 257, cert. den. 341 U.S. 921, 71 S.Ct. 741, 95 L.Ed. 1354, immigration officials; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440 (1938), an FBI Agent, the Comptroller of Currency, a United States Attorney and one of his Assistants; Gamage v. Peal, 217 F.Supp. 384 (N.D.Cal.1963), an Air Force physician; Hartline v. Clary, 141 F.Supp. 151 (E.D.S.C.1956), an agent of the Alcohol and Tobacco Tax Division; Toscano v. Olesen, 189 F. Supp. 118 (S.D.Cal.1960), a postal inspector; Blitz v. Boog, 328 F.2d 596 (2nd Cir. 1964), a Government psychia-trist; Swanson v. Willis, 114 F.Supp. 434 (D.Alaska 1953) aff'd per curiam, 220 F.2d 440, a Deputy U. S. Marshal; Koch v. Zuieback, 194 F.Supp. 651 (S. D.Cal.1961), aff'd 316 F.2d 1, local draft board officials; Bowman v. White, 388 F.2d 756 (4th Cir. 1968), a county agent for the FHA; Scherer v. Brennan, 379 F.2d 609 (7th Cir. 1967), cert. den. 389 U.S. 1021, 88 S.Ct. 592, 19 L.Ed.2d 666, Treasury Agents; and David v. Cohen, 407 F.2d 1268 (D.C.Cir. 1969), an officer of the Internal Revenue Service.

Allegations of malice in the complaint, such as we have in the instant case, do not abrogate the privilege. Barr, supra; Norton v. McShane, 332 F.2d 855 (5th Cir. 1964); Cooper v. O'Connor, supra; *Gustavsson*, supra, Bershad v. Wood, 290 F.2d 714 (9th Cir. 1961); Gamage v. Peal, supra; Gregorie v. Biddle, supra.

The Courts discuss the scope of the officer's duty and functions in different terms. *Barr*, supra, noted that the action should be within the outer perimeter of petitioner's line of duty; Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896), puts it in terms of more or less connection with the general matters committed by law to the officer's supervision; *Norton*, supra, 332 F.2d at 858, 859, states:

"The requirements that the act be within the outer perimeter of the line of duty is no doubt another way of stating that the act must have more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority." (Reconciling and referencing the two earlier tests set out in *Spalding* and *Barr*.)

The rationale which supports this rule is found in this statement from Gregorie v. Biddle, 177 F.2d 579 (2nd Cir. 1949), at 581:

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal

motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their efforts. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. Judged as res nova, we should not hesitate to follow the path laid down in the books."

■ The doctrine is recognized in the Eighth Circuit. See Meredith v. Van Oosterhout, 286 F.2d 216, cert. denied 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed.2d 745.

■ Further, the doctrine does not simply protect against ultimate liability. It halts inquiry at the threshold of the question, as soon as it is established that the matters complained of arose as a result of a defendant's actions in the course of his official duties. See Babylon Milk & Cream Co. v. Rosenbush, 233 F.Supp. 735 (E.D.N.Y.1964) at 736:

> "The principle cuts deeper than a bare immunity from ultimate liability; the principle is one that *halts at the threshold* any judicial inquiry into the existence of private injury consequent upon the officer's act, even when it is alleged to have been a consciously wrongful act, where it appears that the alleged private wrong grew directly out of the defendant's functioning in his discretionary office. * * * The immunity is from inquiry not less than from liability." (Emphasis added.) See also *Barr*, supra.

■■ The affidavits filed herein do establish that the acts complained of arose out of the official duties and responsibilities of each of the named defendants. They stand uncontradicted. The use of affidavits to establish the connection of the acts with the general matters committed to the officer's control or supervision is sanctioned. Norton v. McShane, supra; Howard v. Lyons, supra; Scherer v. Brennan, supra.

It appears that this case should be dismissed as to Judge Hunter on the grounds both judicial and official immunity; as to the other defendants because of the official immunity doctrine, and it is, therefore,

Ordered that, on the basis of the foregoing, defendant's motions for summary judgment should be, and are, granted.