Chester L. SMILEY, Plaintiff,

v.

GEMINI INVESTMENT CORPORATION, a foreign corporation, Defendant.

Civ. A. No. 71–555.

United States District Court, W. D. Pennsylvania.

Nov. 9, 1971.

Howard A. Specter, Pittsburgh, Pa., for plaintiff.

Richard J. Mills, Pittsburgh, Pa., for defendant.

### OPINION

ROSENBERG, District Judge.

Presently before me for determination is the defendant's Motion to Dismiss on the grounds that service on the Secretary of the Commonwealth is not proper service on the corporate defendant. In this diversity action it is alleged that on or about May 26, 1969, the plaintiff purchased a new 357 magnum single action revolver which had been sold and/or distributed by or on behalf of the defendant; that because of a defect in the revolver, it malfunctioned on June 12, 1969, and resulted in the plaintiff sustaining severe injuries, for which he now seeks redress.

In support of its motion to dismiss, the defendant has filed the affidavit of its president. The plaintiff has not filed a counter-affidavit, and in open court elected to stand on the averments contained in the defendant's affidavits. Therefore, the uncontradicted allegations of the affidavit will be accepted as true. Anderson v. Ford Motor Company, 319 F.Supp. 134 (E.D.Mich.1970); Konigsberg v. Hunter, 308 F.Supp. 1361 (W.D.Mo.1970).

In its affidavit, the defendant avers that it is a California corporation; that it has no agents for service in the Commonwealth; that it is not licensed to do business in the Commonwealth; that it has no other contacts with the Commonwealth; that all goods which are at any time owned by the defendant are sold only within the State of California to Hawes Firearms Company, which in turn sold the firearm in question, and that therefore, service on the Secretary of the Commonwealth is not valid service on the defendant.

"Where no agent is served in fact a federal court must look to the state statutory procedure. A federal court is authorized to do this under Rule 4(d) (7).

It follows that the adequacy of service of process must be determined by that rule." Hartley v. Sioux City and New Orleans Barge Lines, Inc., 379 F.2d 354, 356, C.A.3, 1967.

It is provided in 15 P.S. § 2011, subd. C that,

> "For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection *the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth.*" (Emphasis added).

The defendant argues that it makes no shipment either directly or indirectly into the Commonwealth, but is merely a California importer which transfers the articles to a California distributor. Thus in essence, the defendant alleges that it serves merely as a conduit for transferring articles, and that it accomplishes this function by merely engaging in paper transactions. In Gorso v. Bell Equipment Corporation, 330 F.Supp. 834 (W.D.Pa.1971), Judge Knox of this Court held that where a French manufacturer sold his equipment to a second French corporation which in turn sold it to an exclusive American distributor, the French corporations were "doing business" in Pennsylvania within the meaning of the Pennsylvania long-arm statute. In a similar case recently decided in this Court, Scafati v. Bayerische Motoren Werke, AG, 53 F.R.D. 256 (W.D.Pa.1971), Judge McCune held that "It is the placing of the product into the channels of commerce and the ultimate arrival of the product in Pennsylvania that constitutes the 'indirect shipment' of goods into Pennsylvania", and thus concluded that the manufacturer was doing business within the Commonwealth and amenable to service upon the Secretary of the Commonwealth.

In another recent decision, Benn v. Linden Crane Co., 326 F.Supp. 995 (E.D.Pa.1971), it was held that a Swedish manufacturer of a crane which was sold f. o. b. Sweden, had made an "indirect shipment" into the Commonwealth by placing his goods in the stream of commerce which eventually reached Pennsylvania. Specifically, the court stated, " * * * economic and business reasons dictate that goods will pass through any number of people in a distributive chain before they reach the ultimate consumer. It is the movement of goods through this distributive chain that in this case constitutes an 'indirect shipment' ". 326 F.Supp. at 997.

The most recent interpretations of the concept of "indirect shipment" reveal a continuous train of thought that anyone in the distributive chain has at least indirectly caused shipment into the Commonwealth, and therefore can be served under the Pennsylvania long-arm statute. Indeed, this would seem to coincide with the expanding theory of § 402A of the Restatement of Torts which is one of the bases under which the plaintiff seeks recovery.

In the present case, the defendant, although not physically present in Pennsylvania, as an importer and a distributor is an indispensable element in the distributive chain, and occupies a vital position of controlling the flow of such articles into the Commonwealth. Therefore, one must conclude that the defendant is at least indirectly shipping into Pennsylvania, and that therefore service on the Secretary of the Commonwealth is valid service upon the defendant. Accordingly, the defendant's motion to dismiss will be denied.