**GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff,**

v.

**Benjamin W. SELPH and Bryan A. Selph f/d/b/a Ramada Inn of Monroe, Louisiana, Defendants, and Third–Party Plaintiffs,**

v.

**INDEPENDENCE FEDERAL BANK, FSB, and Independence Corporation, and First Real Estate Development Corporation, Third–Party Defendants.**

Civ. A. No. 88–2606–S.

United States District Court, D. Kansas.

Aug. 21, 1989.

David A. Vorbeck, Daniel D. Phillips, Jay Selanders, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Kansas City, Mo., Jay Selanders, Husch, Eppenberger, Donohue Cornfeld & Jenkins, Overland Park, Kan., for plaintiff.

Mark R. Singer, Overland Park, Kan., for Benjamin W. Selph.

Romain & Singer, Overland Park, Kan., Micheline Z. Burger, Olathe, Kan., for Bryan A. Selph.

Lee M. Smithyman, Smithyman & Zakoura, Overland Park, Kan., for third-party defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss or, in the alternative, to transfer the above-captioned suit to the United States District Court for the District of Louisiana on the grounds that venue in this district is improper under 28 U.S.C. § 1391, or in the alternative, that this case is properly transferrable for the sake of convenience under 28 U.S.C. § 1404. The third-party defendants, Independence Federal Bank, Independence Corporation and First Real Estate Development Corporation, have also submitted a

motion to transfer pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).

This case involves a suit for breach of contract. The plaintiff's complaint, filed December 9, 1988, alleges that on or about October 22–23, 1984, defendants contracted with RCA Service Company, plaintiff's predecessor in interest, in two separate agreements to lease certain telephone and television equipment "to be used and located at defendants' facilities in the Ramada Inn in Monroe, Louisiana." Plaintiff's Complaint ¶ 4 and ¶ 12. From the notary public stamps on the lease documents, the leases appear to have been executed in Louisiana. The plaintiff further alleges that defendants defaulted on their January through November, 1988 lease payments, giving rise to plaintiff's claim for breach.

Defendants Benjamin Selph and Bryan Selph contend that venue in this district is improper because the requirements of 28 U.S.C. § 1391 have not been met since Benjamin Selph does not reside in Kansas, the plaintiff does not reside in Kansas, and the cause of action for breach of contract did not arise in Kansas.[1]

Because this action is based upon diversity jurisdiction, 28 U.S.C. § 1332, the applicable provision of the federal venue statute, 28 U.S.C. § 1391(a), provides as follows:

*Section 1391. Venue Generally.*

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

■ Plaintiff is a corporation formed under the laws of New York, with its principal place of business in Connecticut. Plaintiff's Complaint ¶ 1. Defendant Bryan Selph is a resident of Kansas. Answer of Bryan Selph ¶ 2. The affidavit submitted with defendants' motion by Benjamin Selph shows that at the time the complaint was filed on December 9, 1988, defendant Benjamin Selph was a resident of Virginia. For purposes of 28 U.S.C. § 1391, domicile is the relevant criterion, and it is the domicile at the time the action is commenced which controls. *See Lee v. Hunt,* 410 F.Supp. 329, 333 (D.La.1976), *aff'd,* 631 F.2d 1171 (5th Cir.1980), *cert. denied, Hunt v. Hunt,* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981).

■ Thus, since neither the plaintiff nor all of the defendants reside in Kansas, the issue for purposes of determining whether venue in this district is proper under § 1391(a) is whether the plaintiff's claim arose in Kansas. In a diversity suit, the question of where the claim arose should be governed by law of the forum state. *Warren Bros. Co. v. Community Bldg. Corp.,* 386 F.Supp. 656, 662 (D.N.C.1974). Under Kansas choice of law rules, the doctrine of *lex loci contractus* requires the court to apply the law of the state in which the contract was made with respect to breach of contract claims. *Connolly v. Samuelson,* 671 F.Supp. 1312, 1315 (D.Kan.1987).

■ The lease agreements which are the subject of plaintiff's suit are attached to plaintiff's complaint as exhibits A and B, respectively. As evidenced by the notary stamps they bear, the lease agreements in this case appear to have been executed in Louisiana. The leased equipment was to be installed and located in Monroe, Louisiana. Under the lease agreement, lessee's payments were to be made to RCA in Cherry Hill, New Jersey, subject to further notification by lessor. Given these facts and Kansas choice of law rules, it is clear that the claim for breach did not arise in Kansas. Even if negotiations for this contract did in fact occur in Kansas, as the plaintiffs contend, this does not mean that plaintiff's claim arose in Kansas for purposes of § 1391(a). *See Honda Assoc., Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 892 (D.N.Y.1974) (right given by § 1391 to sue in district in which claim arose is not a

1. Since provisions of 28 U.S.C. § 1391 have no application to third-party defendants, as the third-party proceeding is considered ancillary to the main proceeding, no analysis of the resi-

dence of the third-party defendants in this case is required. *O'Brien v. Allen,* 137 F.Supp. 691, 691 (D.Pa.1955) (citations omitted).

right to sue where any part of the claim, however small, arose).

■ Because no basis for venue appears to exist under 28 U.S.C. § 1391(a), the court finds that venue in this district is improper. *See, e.g., Nizami v. Woods,* 263 F.Supp. 124, 125 (D.N.Y.1967). Accordingly, 28 U.S.C. § 1406 applies. It provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Selection between the options of dismiss and transfer, for improper venue, is a matter within the sound discretion of the district court. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). Since plaintiff has offered no reason why it would be more in the interest of justice for the court to transfer the case rather than dismiss it without prejudice, defendants' motion to dismiss will be granted without prejudice. *See Nizami,* 263 F.Supp. at 125.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss for improper venue is hereby granted, without prejudice.