JoNes, Judge,
delivered the opinion of the court:
This case is presented on demurrer. The question is whether the construction plans and activities of the defendant, as alleged, show a taking of plaintiff’s land or an interest therein.
*254 Plaintiff alleges that it is now and has been during the period involved the owner of land in the county of Shasta along the Pitt River in California; that the Pitt River is a tributary of the Sacramento River; that on December 2, 1935, the President of the United States, pursuant to the act of June 25,1910 (36 Stat. 630), approved certain findings of fact by the Secretary of the Interior and his recommendation that the Central Valley Project be constructed as a federal reclamation project; that by the terms of the act of August 26, 1937 (50 Stat. 844, 850), the Congress transferred the jurisdiction over the expenditure of certain funds for the Central Valley Project from the Secretary of War to the Secretary of the Interior; that the Central Valley Project “is the contemplated set of dams, canals, reservoirs, and power stations on the Sacramento and San Joaquin Rivers, State of California. The principal dams and reservoirs are the Kennett or Shasta Dam and Reservoir and the Friant Dam and Reservoir. The construction and operation of the Kennett or Shasta Dam find Reservoir were intended to and will flood the lands along the Sacramento River and its tributaries many miles above the location of the dam, including a great part of the lands of Petitioner, above described, located along the Pitt River, a tributary of the Sacramento River;” that on October 19, 1937, under the direction of the Secretary of the Interior construction work was commenced on the Shasta Dam and had proceeded continuously to the date of the filing of the petition.
It is further alleged:
IX. Upon information and belief, that part of the above-described lands of Petitioner, which will be flooded by the erection of the Kennett or Shasta Dam, has been taken, without the consent of the Petitioner, by the United States acting under and pursuant to its governmental powers.
X. Upon information and belief, the other lands of the Petitioner, above described, which will not be flooded by the said project, have been damaged by the proposed erection of the Kennett or Shasta Dam and Reservoir and their value has been substantially lessened.
XI. Upon information and belief, the riparian rights in Pitt River of Petitioner, including the right to make beneficial use of and to withdraw water therefrom, have *255 been taken without the consent of the Petitioner, by the United States, acting under and pursuant to its governmental powers.
It is further alleged that by reason of the facts stated the “Petitioner has a claim against the United States of America under an implied contract, for compensation for the value of its property and rights taken by the United States for a public use.”
Plaintiff sues for the value of the land that it alleges will be flooded when the dam is completed and also for the reduced value of certain other lands which it alleges will not be flooded but which will be damaged by the flooding of .the adjacent land. The claims total $6,000,000.
Under the principles laid down by the Supreme Court in the cases of United States v. Sponenbarger, 308 U. S. 256, and Danforth v. United States, 308 U. S. 271, we do not think the petition states a cause of action. See also Poinsett Lumber and Manufacturing Company, 91 C. Cls. 264, 266.
There has as yet been no taking of plaintiff’s land or any interest therein. There may never be a taking. The plaintiff’s land is located on a stream that is tributary to the river upon which construction of the dam has been begun.
The beginning of construction does not necessarily mean that it will be completed. The lands in question are located on a tributary stream. No portion of such lands has as yet been flooded. It is not certain that any part of them will be. It is anticipated that some of the lands will be flooded when and if the Shasta Dam is completed. However, the plans may be modified by the Chief Engineer with the approval of the head of the department. The height of the dam may be changed. The available funds may be withdrawn by act of Congress, or any supplemental funds needed to finish the project may be denied. The project may be abandoned or, for any one of a number of reasons, may not be completed in accordance with the original plan. Essential elements of a taking are lacking.
There has, therefore, been no taking of plaintiff’s land or any interest therein and any action at this time is premature.
*256 The plaintiff cites a great many cases. A careful analysis of them shows that they are inapplicable to the facts of this case.
For plaintiff’s second cause of action it asserts a right to recover the diminished value of lands that will not be flooded when and if the dam is completed, but which it alleges will be injured by the flooding of other lands. For the reasons set out in the discussion of the first cause of action there exists no right to recover at this time.
It is not necessary for the court to pass upon the question of whether any damage to such lands as will not be flooded, if and when the dam is completed, would constitute a partial taking or would be mere consequential damages. None of the lands of plaintiff has as yet been flooded, and since it is not certain they will be, there is obviously as yet no legal damage to the land that will in no event be flooded. Suit, therefore, on the second cause of action is also premature.
Defendant’s demurrer is sustained, and plaintiff’s petition dismissed. It is so ordered.
MaddeN, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.