**Tommy THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee, and eight related cases.**

**Nos. 13790–13798.**

United States Court of Appeals
Ninth Circuit.

Sept. 22, 1954.

Easley, Whipple, & McCormick, Norman L. Easley, Steward M. Whipple, Carl Robert Wells, Portland, Or., for appellant.

Perry W. Morton, Asst. Atty. Gen., S. Billingsley Hill, Roger P. Marquis, Attys., Dept. of Justice, Washington, D.

C., C. E. Luckey, U. S. Atty., Eugene, Or., Edward B. Twining, Asst. U. S. Atty., Portland, Or., for appellee.

Before HEALY, POPE, and CHAMBERS, Circuit Judges.

## PER CURIAM.

Appellant in his complaint in this matter alleged that he is a member of a tribe or group of Indians who reside at Celilo, Oregon, on the Columbia River; that the United States has appropriated funds for and has begun the construction of a dam across the Columbia at The Dalles; and that, when the dam is completed, it will flood and wipe out the ancient fishing rights, guaranteed by treaty, of such Indians, including appellant. He asked in his first count a declaration and determination that he has a property interest in the fishery of the reasonable value of at least $10,000.00, and a like declaration that the construction of the dam will deprive him of such right; and he prayed judgment in damages against the government in the sum named.

In a second cause of action, he likewise sought a declaration and determination that he has an easement and right of access which will be flooded, and he asked judgment in the sum of $10,000.00 for the loss of such easement or right. Thus his complaint appears to combine prayers for declaratory relief with a cause or causes of action for damages under the Tucker Act, 28 U.S.C.A. § 1346(a).

The government moved to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted, and also for the reason that the judgment sought by way of damages was in excess of the court's jurisdiction. The court thought—properly so, we believe—that, in order to determine whether it could make a declaration of the plaintiff's rights it must first determine whether plaintiff had stated a claim under the Tucker Act. It was its opinion that no claim was asserted under that Act since it appeared on the face of the complaint that plaintiff had as yet suffered no damage. Further, it was of opinion that jurisdiction was lacking inasmuch as the total amount of damages asked was in excess of the $10,000.00 limit prescribed by the Act. It accordingly entered a judgment of dismissal.

Clearly, the judgment must be affirmed. The Tucker Act does not authorize suit against the United States for anticipated damages in advance of an actual taking. As yet there has been no taking of appellant's property rights or any interest therein. There may never be a taking. The commencement of construction does not necessarily mean that it will be completed. The project may be abandoned. The height of the dam may be changed, and it may be that no damage to plaintiff will result even though it be completed in a modified form. Compare Pitt River Power Co. v. United States, 1942, 98 Ct.Cl. 253; Poinsett Lumber & Mfg. Co. v. United States, 91 Ct.Cl. 264; Danforth v. United States, 308 U.S. 271, 284, 286, 60 S.Ct. 231, 84 L.Ed. 240.

Moreover, the Tucker Act does not permit of the splitting of a claim or cause of action. Its terms must be strictly construed. Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192; Sutcliffe Storage & Warehouse Co., 1 Cir., 162 F.2d 849. The right granted the Indians was essentially a right to conduct their fishing operations. The fact that, as part of the operations, it was a practical necessity that they have a place to stand, to build their huts, and to smoke or cure their fish does not appear to spell the existence of two distinct rights. We are not prepared to say that the court was wrong in its view that the attempt here amounted to a splitting of a single cause, thus for another reason rendering the cause one beyond the court's jurisdiction under the Act.

Affirmed.