**TEXACO, INC., Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 7217.

United States Court of Appeals Tenth Circuit.

Oct. 14, 1964.

James J. Flood, Jr., Houston, Tex. (Alfred C. DeCrane, Jr., Houston, Tex., William K. Tell, Jr., Cleveland, Ohio, and P. R. Wimbish, Tulsa, Okl., and Paul F. Schlicher, New York City, of counsel, on the brief), for petitioner.

Josephine Klein, Washington, D. C. (Howard E. Wahrenbrock and Peter H. Schiff, Washington, D. C., on the brief), for respondent.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case is before the court on the motion of petitioner, Texaco, Inc., to transfer the proceedings to the United States Court of Appeals for the Third Circuit and on the motion of respondent, Federal Power Commission, to dismiss the petition for review.

After the petition for review was filed the Commission moved to dismiss because of improper venue. We held that venue lay in the Tenth Circuit and denied the motion. Texaco, Inc., v. Federal Power Commission, 10 Cir., 317 F.2d 796, 800–802, 807. The Supreme Court reversed, saying that the Tenth Circuit did not have venue. Federal Power Commission v. Texaco, Inc., 377 U.S. 33, 37–39, 45, 84 S.Ct. 1105, 12 L.Ed.2d 112. Texaco then filed a motion in the Supreme Court asking that the case be either remanded to the Third Circuit or to the Tenth Circuit with directions to transfer the proceedings to the Third Circuit. The motion was denied. Federal Power Commission v. Texaco, Inc., 377 U.S. 974, 84 S.Ct. 1881, 12 L.Ed.2d 745. Thereafter the Supreme Court remanded the case to this court "for further proceedings in conformity with the opinion of this Court." This was followed by the motions now under consideration.

In Panhandle Eastern Pipe Line Company v. Federal Power Commission, 10 Cir., 337 F.2d 249 (No. 7587—opinion filed this day) we granted, over the objection of the Commission, the transfer of the proceedings in that case to the Eighth Circuit. On the basis of that authority we would grant the transfer in this case if it were not for the direction of the Supreme Court. In its opin-

ion the Supreme Court said (377 U.S. 39, 84 S.Ct.):

"Texaco is a Delaware corporation and there is no claim that its principal place of business is within the Tenth Circuit. The Court of Appeals therefore erred in failing to dismiss its petition for lack of venue."

The remand to us is for further proceedings in conformity with the opinion and the opinion says that we erred in not dismissing the petition. We are bound thereby and have no alternative to dismissal.

The motion for transfer is denied and the petition for review is dismissed.