**UNITED STATES ex rel. Patricia CARNEGIE, Petitioner-Appellant,**

v.

**Ellis C. MacDOUGALL, Commissioner of Correction; Janet S. York, Deputy Commissioner for Women's Services, Appellees.**

**No. 472, Docket 34141.**

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1970.

Decided Feb. 17, 1970.

Certiorari Denied May 18, 1970. See 90 S.Ct. 1711.

David M. Reilly, Jr., New Haven, Conn., for petitioner-appellant.

Arnold Markle, State's Atty., David B. Salzman, Asst. State's Atty., New Haven, Conn., for appellees.

Before KAUFMAN and FEINBERG, Circuit Judges, and PALMIERI, District Judge.*

PER CURIAM:

In 1968, appellant Patricia Carnegie was convicted in the Connecticut state courts of uttering a forged check and obtaining money by false pretenses. After exhausting her state remedies, see State v. Carnegie, 158 Conn. 264, 259 A.2d 628, cert. denied, 396 U.S. 992, 90 S.Ct. 488, 24 L.Ed.2d 455 (1969), appellant petitioned the United States District Court for the District of Con-

---

* Of the Southern District of New York, sitting by designation.

necticut for a writ of habeas corpus. Judge M. Joseph Blumenfeld of that court dismissed the petition in September 1969 without an evidentiary hearing, but granted a certificate of probable cause. This appeal followed.

Appellant claims that a police-arranged identification of her was so suggestive that identification testimony at her subsequent trial deprived her of due process. According to the district judge's summary of the state record before him, the identifying witness was a bank teller at a drive-in window to whom appellant had presented a forged check. The teller knew Louise and Charles Endel, on whose account the check was drawn. This led to a conversation with appellant in which appellant stated that she worked for the Endels; the teller was struck by the fact that appellant was too attractive to be a cleaning woman. As appellant drove away, the teller noted the car's license number and wrote it on the back of the check. Subsequently, the Endels reported the forgery, and the investigation disclosed that the car was owned by a Mr. Carnegie; the teller was advised of this. Three months after the check was cashed, the police told appellant to come to the police station. When she arrived, the teller and her superior were sitting in the waiting room; the teller testified at the state trial that she recognized appellant immediately and did not hear appellant identify herself. Shortly thereafter, the teller viewed appellant through a one-way mirror—the police procedure primarily under attack—and then had a face to face meeting with her.

▮ Judge Blumenfeld noted that the challenged identification took place before the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), so that there is no issue of right to counsel. The test instead is whether the procedures were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The district judge pointed out that appellant's face had remained in the teller's mind at the time of the original conversation, and that the teller immediately recognized appellant even before the one-way mirror viewing. Accordingly, whatever shortcomings the latter procedure had, the judge concluded that the "totality of circumstances" did not amount to an "unnecessarily suggestive" identification procedure. We agree that this conclusion was justified. See United States ex rel. Garcia v. Follette, 417 F.2d 709 (2d Cir. 1969); United States v. Scully, 415 F.2d 680 (2d Cir. 1969).

Judgment affirmed.