**UNITED STATES of America,
Plaintiff,**

v.

**Oran B. PHILLIPS, Jr., a/k/a O. B.
Phillips, Defendant.**

**Civ. 72-0-345.**

United States District Court,
D. Nebraska.

June 25, 1973.

Thomas D. Thalken, Asst. U. S. Atty.,
for plaintiff.

Ryan & Scoville, South Sioux City,
Neb., for defendant.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior
Judge.

This matter comes before the Court
upon the plaintiff's motion to dismiss
the counterclaim [Filing #7] and the
plaintiff's motion for a separate deter-
mination of the issue of whether the law
of Nebraska or Federal common law
governs. [Filing #10].

This is an action brought by the Unit-
ed States in its capacity as trustee [for
the Omaha Tribe of Indians] to quiet ti-
tle, for ejectment, and for money dam-
ages.

The defendant admits in his answer
that he is in possession of a portion of
the real property in question and has
counterclaimed, praying that title in a
portion of the real estate be quieted
and confirmed in the defendant. The
defendant does not seek any money dam-
ages.

The plaintiff asserts sovereign immu-
nity in support of the motion to dismiss
the counterclaim.

■ A motion to dismiss a counterclaim in quiet title action was denied in United States v. Wilcox, 258 F.Supp. 944 [N.D.Iowa 1966] because:

"[T]he relief requested must necessarily be determined in determining the issue raised in the complaint."

There is no explicit reference in the opinion to sovereign immunity, but from the reasoning of the Court it appears that it was addressing that issue.

The Court in *Wilcox* entered an order after trial finding for the defendant on the counterclaim, declared title to be in the defendant and found that the United States had no interest in the property. Thus it would appear that such a counterclaim is permissible even absent statutory consent.

■ Moreover, there is also a specific statutory waiver which was enacted after the *Wilcox* decision. 28 U.S.C. § 2409a, effective on October 25th, 1972, permits quiet title suits against the United States, but trust or restricted Indian lands are excepted from this waiver of immunity.

However, this Court will necessarily have to determine whether the land in question was trust or restricted Indian lands because this issue is contained in the main claim asserted by the United States. If this issue is determined adversely to the United States then the waiver of sovereign immunity is effective, and the exception would be inapplicable to this action.

■ The plaintiff also argues that since the term "party defendant" is used in 28 U.S.C. § 2409a the defendant can only present a quiet title action via a complaint and not by a counterclaim. The Court finds this assertion to be wholly without merit. The Legislative History contains no support for such a construction. See 1972 U.S.Code Cong. and Adm.News, P.L. 92–562 pp. 4547–4557. Such an approach would be contra to the purpose of the Federal Rules of Civil Procedure and would not aid the "just, speedy, and inexpensive determination of every action", Rule 1 Federal Rules of Civil Procedure. The motion to dismiss the counterclaim should be denied.

■ The plaintiff's motion for a separate determination of an issue in this action has merit. It is the plaintiff's representation that the federal rule pertaining to accretion of land is controlling and that the survey lines are invariable.

It is the plaintiff's further representation that the material facts with regard to this issue are not in serious dispute, and the Court would then be in a position to rule on an issue of law; and the remaining issues would then be determined in a more efficient manner. Accordingly,

It is ordered that the plaintiff's motion to dismiss the counterclaim should be and is hereby denied and overruled.

It is further ordered that the plaintiff's motion for a separate determination of the issue of whether entitlement to accretion within the boundaries of the Omaha Indian Reservation is governed by the law of Nebraska or the Federal Common law, should be and is hereby granted and sustained.

It is further ordered that the plaintiff shall have sixty [60] days from the date of filing herein to file an opening brief, the defendant shall have sixty [60] days thereafter to respond and the plaintiff shall have ten [10] days thereafter to reply to the defendant's brief.

It is further ordered that a hearing will be scheduled after the briefs are filed or the total allotted time for filing the briefs has elapsed.

It is further ordered that the parties attempt to reach a stipulated set of facts material to the issue described in the motion, and submit the stipulation to the Court at or prior to the total allotted time for the filing of briefs.