**UNITED STATES of America, Plaintiff,**

**v.**

**Vernon T. DRINKWATER, Edward Drinkwater, Camile D. Mitchell and Margaret Hood, Trustees of the Drinkwater Heir Lifesaving Station Trust, M. W. & M. W. Investment, Inc., Robert L. Lindsley, June M. Lindsley, and Pirates Cove Land Company, Defendants.**

**Civ. A. No. 76–509–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

June 28, 1977.

Natural Resources Division, Dept. of Justice, Washington, D. C., for plaintiff.

Thomas J. Harlan, Jr., Norfolk, Va., Leonard D. Levine, Thomas M. Ammons, III, Virginia Beach, Va., Jerrold G. Weinberg, Norfolk, Va., for defendants.

## MEMORANDUM ORDER

CLARKE, District Judge.

### I.

This action is before the Court on the motion of the United States to dismiss certain counterclaims filed by Robert S. Lindsley and June M. Lindsley (the Lindsleys) and by the Trustees of the Drinkwater Heirs Lifesaving Real Estate Trust (the Trustees). The United States has asserted its sovereign immunity as a bar to the counterclaims. After considering the briefs and oral arguments of the parties, we conclude that some of the counterclaims must be dismissed.

On August 25, 1976, the United States filed this action to quiet title to certain property located in Virginia Beach, Virginia. The United States alleges that it acquired interests in this property on July 12, 1878; July 18, 1899; and March 23, 1936; and that it has been in possession of the portion of the property lying easterly of Atlantic Avenue since acquisition until August 25, 1971, and that it remains in possession of the remaining portion of the property.

In their respective counterclaims, both the Lindsleys and the Trustees also seek to quiet title in the property, and seek damages for past injuries. Although the Lindsleys did not allege a specific damage amount for past injuries, they now have agreed to stipulate with the United States that any damage for past injuries they might have suffered is less than $10,000. The Trustees seek damages for past injuries in excess of $1,500,000.

Both the Lindsleys and the Trustees seek as damages for past injuries the fair rental value of the property since 1969, the cost of removing Government buildings, and their

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., C. David Redmon, Land and

economic loss due to the cloud on their respective titles since 1969. In addition, the Trustees seek damages from the United States for its officious intermeddling with the Trustees' contractual relationship with another land company, and a declaration that the United States holds in constructive trust for the use and benefit of the Trust all parcels of land received from the City of Norfolk, Virginia, and from Southern Railroad in a certain indenture.

Both the Lindsleys and the Trustees also seek future or permanent damages for any taking by the United States of the property. If the Court finds title to the land to be in either the Lindsleys or the Trustees, and if the United States opts to retain possession, the counterclaimants seek just compensation.

We conclude: (1) that this Court has jurisdiction under 28 U.S.C.A. § 2409a(a) to entertain the counterclaims to quiet title; (2) that this Court has jurisdiction under 28 U.S.C.A. §§ 2409a(b) and 1346 to award just compensation to the counterclaimants, if title is found to be in either the Lindsleys or the Trustees and the United States elects to retain possession; (3) that this Court has jurisdiction under the Tucker Act, 28 U.S. C.A. § 1346(a)(2), over the Lindsleys' counterclaim seeking damages for past injuries for less than $10,000 for the reasonable rental value and removal costs. The United States conceded these points during oral argument. In addition, we agree, with the United States (1) that this Court has no jurisdiction to entertain any counterclaim for injunctive or constructive trust relief against the United States; (2) that this Court has no jurisdiction under either the Tucker Act, 28 U.S.C.A. § 1346(a)(2), or the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) to entertain any of the Trustees' damage claim for $1,500,000 for reasonable rental value, reasonable storage, or removal costs; and (3) that the Trustees' claim for officious interference with their contractual rights, and both claims for slander of title are excluded from this Court's jurisdiction by 28 U.S.C.A. § 2680(h).

## II.

■ The United States as a sovereign "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The party who institutes a claim against the United States, whether by way of an original complaint or a counterclaim, has the burden of alleging an act of Congress which authorizes the Court to entertain that specific claim. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Thompson v. United States*, 250 F.2d 43, 44 (4th Cir. 1957); *United States v. Sherman Gardens Company*, 298 F.Supp. 1332, 1334 (1967). The Lindsleys and the Trustees failed to designate any act of Congress in their counterclaims; however, in their briefs and arguments, they have cited 28 U.S.C.A. §§ 1345; 1346(a)(2), (b) and (f); 2409a(a) and (b) and Rule 13(a) of the Federal Rules of Civil Procedure.

### A. *The United States as Plaintiff*

■ The United States by commencing this suit to quiet title, under 28 U.S.C.A. § 1345, does not consent to be sued on a counterclaim based upon a cause of action for which it has not otherwise given its consent to be sued. See *Thompson v. United States, supra* at 44; *United States v. Schlitz*, 9 F.R.D. 259, 260 (E.D.Va.1949). The Federal Rules of Civil Procedure governing compulsory counterclaims do not expand this Court's jurisdiction. Rule 13(d) states:

> "(d) *Counterclaim Against the United States.* These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

*United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *United States v. Schlitz, supra.* Nor is the concept of ancillary jurisdiction of any support to the Trustees or the Lindsleys. Although

there is a strong policy argument for adjudicating all claims arising out of a land title dispute in one forum, Congress has not so declared. *United States v. Shaw*, 309 U.S. 495, 502, 60 S.Ct. 659, 662, 84 L.Ed. 888 (1940). This is not a case where the counterclaim against the United States is in the nature of a setoff or recoupment. *United States v. Shaw, supra; The Fort Fetterman v. South Carolina State Hwy. Dept.*, 261 F.2d 563 (4th Cir. 1958), *on reh.* 4 Cir., 268 F.2d 27; *United States v. Gregory Park, Section II, Inc.*, 373 F.Supp. 317 (D.C.N.J. 1974).

### B. *Real Property Quiet Title Counterclaim*

■ We agree with the Trustees and the Lindsleys that a claim under 28 U.S.C.A. § 2049a(a) "to adjudicate a disputed title to real property in which the United States claims an interest" may be asserted by way of counterclaim in a suit commenced by the United States to quiet title in the same real property. A District Court in Nebraska so held in *United States v. Phillips*, 362 F.Supp. 462 (1973); *cf. Thompson v. United States, supra* at 44; *United States v. Schlitz, supra* at 260–261.

### C. *Injunctive and Constructive Trust Relief*

■ Congress has not consented, in either the Tucker Act, 28 U.S.C.A. § 1346(a)(2) or the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to suits in the District Courts for injunctive or constructive trust relief. Under both of these Acts, Congress has only consented to damage awards. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Anderson v. United States*, 229 F.2d 675 (5th Cir. 1956); *Turtzo v. United States*, 347 F.Supp. 336, 339 (E.D.Pa.1972); *cf. Switzerland Company v. Udall*, 337 F.2d 56 (4th Cir. 1964), *cert. den.*, 380 U.S. 914, 85 S.Ct. 900, 13 L.Ed.2d 800.

### D. *The Federal Tort Claims Act*

■ The Federal Tort Claims Act is codified in 28 U.S.C.A. §§ 1346(b), 2671, *et seq.*

The basic principle defining the consent of the United States to be sued in the District Courts for damages under a tort theory is stated in § 1346(b):

"Subject to the provisions of chapter 171 of this title [§ 2671 *et seq.*], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

■ The Trustees argue at one point that their claims for reasonable rental value, reasonable storage, and removal costs sound in tort, and therefore that this Court has jurisdiction under the Federal Tort Claims Act. However, at another point, the Trustees properly concede that the thrust of their damage claims is an unconstitutional "taking" of its land, a claim for which the United States has consented to be sued on solely under the Tucker Act, 28 U.S.C.A. § 1346(a)(2). Although under the rules of common law pleading, the Trustees may be able to frame their claims either as tort claims or as implied contract claims, Congress did not intend that such claims be cognizable under both the Tucker Act and the Federal Tort Claims Act. *Roman v. Velarde*, 428 F.2d 129, 132 (1st Cir. 1970); *Myers v. United States*, 323 F.2d 580, 583 (9th Cir. 1963), *aff'g* D.C., 210 F.Supp. 695; *but see Zweibon v. Mitchell*, 170 U.S.App. D.C. 1, 516 F.2d 594 (1975); *United States v. Gaidys*, 194 F.2d 762 (10th Cir. 1952); *Leisy v. United States*, 102 F.Supp. 789 (D.C.Minn.1952).

The statement of the law in *Myers v. United States, supra* at 583, is applicable here:

"The Fifth Amendment to the Constitution prohibits the taking of private prop-

**462**

erty for public use without just compensation. To us the claims of appellants against the United States are founded upon the Constitution, and the acts of the United States complained of are in the nature of inverse condemnation. Since the claims of each appellant against the United States exceed $10,000.00, the Court of Claims has exclusive jurisdiction and the District Court was without jurisdiction to hear or determine the claims against the United States."

This is not a claim that a Federal investigative or law enforcement officer conducted an illegal search or seizure thereby trespassing on property rights. *Zweibon v. Mitchell*, 170 U.S.App.D.C. 1, 516 F.2d 594, 605 n. 9 (1975). "The Tort Claims Act was not intended to totally abolish the doctrine of sovereign immunity, but rather it is a limited measure under which the United States has consented to be sued for certain *negligent* acts of its employees." *Vigil v. United States*, 293 F.Supp. 1176 (D.C.Colo. 1968), *aff'd*, 10 Cir., 430 F.2d 1357. If the United States enters into "physical possession of property without authority of a court order" the owner is provided his remedy by the Tucker Act. *United States v. Dow*, 357 U.S. 17, 21, 78 S.Ct. 1039, 1044, 2 L.Ed.2d 1109 (1958).

■ The two claims raised by the Trustees which do perhaps sound in tort—interference with contract rights and slander on title—are exceptions to the coverage of the Federal Tort Claims Act. 28 U.S.C.A. § 2680(h) excludes from the Act:

"Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

*United States v. Mullins*, 228 F.Supp. 748, 750 (W.D.Va.1964).

The United States has properly conceded that under 28 U.S.C.A. § 2675(a) a tort claim cognizable under the Federal Tort Claims Act could have been asserted by counterclaims by the Lindsleys and the Trustees without their first presenting the claim to the appropriate Federal agency.

### E. *The Tucker Act*

■ The Tucker Act, 28 U.S.C.A. § 1346(a)(2) provides that:

"(a) The district court shall have original jurisdiction, concurrent with the Court of Claims, of:

\*      \*      \*      \*      \*      \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ."

In the instant case, the damage claims of the Trustees involve amounts greatly in excess of $10,000 based both upon the Constitution for a taking of property and upon an implied contract for the reasonable rental and use of the property. Therefore, the Tucker Act does not grant *this Court* jurisdiction to entertain these claims. *Ove Gustavsson Contracting Co. v. Floete*, 278 F.2d 912 (2d Cir. 1970); *George H. Evans & Co. v. United States*, 169 F.2d 500 (3d Cir. 1948); *Turtzo v. United States*, 347 F.Supp. 336 (E.D.Pa.1972). However, if the Trustees do have valid claims founded upon the taking clause or upon an implied contract, they do have a damage remedy in the Court of Claims. 28 U.S.C.A. § 1491 provides:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ."

■ The Court does have jurisdiction under the Tucker Act over the Lindsleys' past damages claims of less than $10,000 for reasonable rental value and for removal costs. *Sutcliffe Storage and Warehouse Co. v. United States*, 162 F.2d 849 (1st Cir. 1947); *United States v. Johnson*, 153 F.2d

846 (9th Cir. 1946); *Perry v. United States*, 308 F.Supp. 245 (D.C.Colo.1970); *aff'd*, 422 F.2d 353 (10th Cir. 1971); *Jones v. United States*, 127 F.Supp. 31 (E.D.N.C.1954); *contra, Hammond-Knowlton v. United States*, 121 F.2d 192, 202–206 (2d Cir. 1941), distinguished in *Wolak v. United States*, 366 F.Supp. 1106, 1110 n. 4 (D.C.Conn.1973).

Although we agree with the general principle applied by the District Court in *Eccles v. United States*, 396 F.Supp. 792 (D.C.N.D. 1975) that the district courts have no power to vest themselves with Tucker Act jurisdiction by allowing a counterclaimant to split essentially one claim, the situation before us is different. Although the Lindsleys have only stipulated that their past damages are less than $10,000, and are thereby not bound to limit their total claims for past and future damages for a permanent "taking" to less than $10,000, jurisdiction in the later case would be based not on the Tucker Act but on 28 U.S.C.A. §§ 2409a(b) and 1346. If title is found to have been in the Lindsleys since 1969 and the United States does not elect to retain possession or to condemn, this Court has jurisdiction under the Tucker Act to award the Lindsleys less than $10,000 in damages for any taking or an implied contract found. If title is found to have been in the Lindsleys since 1969 and the United States elects to retain possession or to condemn, this Court has jurisdiction under §§ 2409a(b) and 1346 to award just compensation of an unlimited amount for the continuous taking of the property. There would be no need to separate the continuous and inseparable taking into past damages under the Tucker Act and future damages under §§ 2409a(b) and 1346. *Eccles, supra* at 795.

### F. *Condemnation or 28 U.S.C.A. § 2409a(b)*

If an adjudication of the quiet title claim results in a finding of title in one of the counterclaimants and if the United States elects to condemn the property under 28 U.S.C.A. §§ 1345, 1358 or to retain possession and control under 28 U.S.C.A. § 2409a(b), this Court would have jurisdiction to award the counterclaimant just compensation. If the United States has been in continuous possession of the property to the date of its election to condemn or to retain possession and control, the date for determining the value of the just compensation due for the taking is the date when the United States first took possession, not the date when the Court adjudicates title. *United States v. Dow*, 357 U.S. 17, 22, 78 S.Ct. 1039, 1044, 2 L.Ed.2d 1109 (1958); *United States v. 266.33 Acres of Land, Etc.*, 96 F.Supp. 647 (W.D.Wash.1951). Under this principle, if the United States is no longer in physical possession of the property which it had taken, this Court has no jurisdiction to award just compensation under either §§ 1345, 1358 or 2409a(b). Rather, such a "taking" claim can be entertained in the District Courts only under the Tucker Act, and then only if limited to less than $10,000.

### III.

For the reasons stated herein, it is ORDERED (1) That the motion of the United States to dismiss the counterclaims filed by Robert S. Lindsley and June M. Lindsley (the Lindsleys) and by the Trustees of the Drinkwater Heirs Lifesaving Real Estate Trust (the Trustees) is GRANTED IN PART and DENIED IN PART, and (2) In order to effect this ruling, that paragraphs 2, 4, 5, 6, 7, 8, and 9 of the Trustees' prayer for relief in their counterclaim filed on November 19, 1976, and paragraphs 2 and 5 of the Lindsleys' prayer for relief in their counterclaim filed on November 19, 1976, be STRICKEN.