UNITED STATES of America, Plaintiff,

v.

Roy A. PENN, Government of the Virgin Islands, Arnold Golden, Commissioner of Public Works Department, Defendants.

Civ. No. 1981/41.

District Court, Virgin Islands, D. St. Thomas and St. John.

April 17, 1986.

Dorothy R. Burakreis, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., James S. Carroll, III, Asst. U.S. Atty., St. Thomas, V.I., for plaintiff.

John W. Stryker, Birch, deJongh & Farrelly, St. Thomas, V.I., for defendant Roy A. Penn.

Rosalie Simmonds Ballentine, Asst. Atty. Gen., St. Thomas, V.I., for defendant Government of the Virgin Islands.

DAVID V. O'BRIEN, District Judge.

The question before us is whether the defendant may counterclaim against the United States for affirmative injunctive relief. We hold that sovereign immunity proscribes such a claim.

## I. FACTS

In June, 1960, the United States acquired approximately 164 acres on the island of St. John. The tract formerly comprised Estate Great Cinnamon Bay and is now the site of the Virgin Islands National Park. The defendant, Roy A. Penn, owns Estate Miland, which adjoins the park at its east border.

This controversy arose out of improvements made in 1973 by the Government on the section of St. John's North Shore Road intersecting the park and Estate Miland. Penn alleges that the construction resulted in three types of damage to his property. First, he claims that the road was widened and now encroaches on Estate Miland. It also diverts erosive surface waters onto his property. Finally, Penn contends that vegetation and ancient structures covering his land were destroyed during the construction. One casualty of the Government bulldozer was a Danish wall which Penn claims marked the border between Miland and the park in the 1905 survey which both parties maintain depict the extent of their respective properties.

As a result of these purported injuries, Penn sued the Government in District Court and filed an administrative claim with the Department of the Interior in 1975. Both actions rested on tort theories and were dismissed due to noncompliance with the Federal Tort Claims Act.

Finally, with the park's boundary still in dispute, the Government brought this suit to quiet title.[1] Penn counterclaimed to vest title in himself and for an injunction com-

---

1. The United States also joined the Government of the Virgin Islands as a defendant to determine the maximum allowable width of a road. This dispute is unrelated to issue before us here.

pelling the restoration of the western border of his land. The Government now moves to dismiss the latter claim pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment on the title issue.

## II. DISCUSSION

### A. *Summary Judgment*

■ The heart of the parties' title claims is the location of the Miland-park border. While the parties agree that the description in the 1905 survey controls, the boundary issue is clearly the key to determining ownership of the disputed land. Their conflicting versions as to its location presents a factual dispute which defeats the Government's motion for summary judgment.

### B. *The Motion to Dismiss*

■ As a sovereign, the United States is immune from suit and it can be sued only in matters where Congress has waived this immunity. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *United States v. Shaw*, 309 U.S. 495, 503, 60 S.Ct. 659, 662, 84 L.Ed. 888 (1940). The terms of this waiver define our jurisdiction to entertain the suit. *Sherwood, supra* at 586, 61 S.Ct. at 769–70.

This rule applies with equal force to counterclaims. *Shaw, supra* at 503, 60 S.Ct. at 662. But unlike plaintiffs, counterclaimants are not limited strictly to claims based on express statutory waivers. They may also seek recoupment and set-off against the Government, provided the claim arises out of the same transaction or occurrence as the main suit and the relief sought neither exceeds nor is different in kind from that demanded by the Sovereign. *United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds*, 726 F.2d 1481, 1496 (10th Cir. 1984), *cert. denied Jarboe-Lackey Feedlots, Inc. v. United States*, — U.S. —, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984); *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967); *In re Oxford Marketing, Ltd.*, 444 F.Supp. 399, 403 (N.D.Ill.1978); 6

Wright & Miller, *Federal Practice and Procedure*, § 1427 (1971). Affirmative recovery, however, requires waiver. *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506, 512–15, 60 S.Ct. 653, 656–58, 84 L.Ed. 894 (1940). Thus, the only claims Penn may assert here are compulsory counterclaims aimed toward defeating or diminishing the Government's recovery or else rest on an independent waiver of sovereign immunity.

#### 1. *Penn's request to quiet title*

■ Congress has explicitly waived sovereign immunity with respect to actions to quiet title. 28 U.S.C. § 2409a(a). *See United States v. Drinkwater*, 434 F.Supp. 457, 461 (E.D.Va.1977). Penn restates this claim in his request to enjoin the United States from future trespasses. It is axiomatic that if title is quieted in Penn's favor, the Government has no right to possession or use of the land. We hold, therefore, that jurisdiction is established over this aspect of Penn's counterclaim.

#### 2. *Penn's action to compel restoration of the land to its original condition*

■ There is no statutory waiver with respect to actions for injunctive relief. *E.g., Drinkwater, supra* at 461; *United States v. Gregory Park, Section II, Inc.*, 373 F.Supp. 317, 350–52 (D.N.J.1974). Consequently, we are without jurisdiction to hear a claim for affirmative relief. *United States Fidelity, supra* 309 U.S. at 512–15, 60 S.Ct. at 656–68. We find, however, that this action relates sufficiently to the subject matter of the Government's claim to give us jurisdiction if the relief requested by Penn is for recoupment or set-off.

■ Recoupment involves a claim which defeats the Government's action. *United States v. Summ*, 282 F.Supp. 628, 631 (D.N.J.1968). Set-off concerns fungible obligations that offset each other. *United States v. Thurber*, 376 F.Supp. 670, 674 (D.Vt.1974).

694

The object of the Government's suit is to settle a title dispute. Penn's request for injunctive relief is qualitatively different because it seeks a remedy beyond that demanded by the United States, namely restoration of the land. It is, therefore, the type of compulsory counterclaim over which jurisdiction can be established solely through a specific waiver of sovereign immunity. *Drinkwater, supra* at 461; *Gregory Park, supra* at 351. Consequently, this aspect of the counterclaim must be dismissed.

The Government also contends that Penn's claim for affirmative relief is barred under the doctrine of res judicata because Penn's 1975 actions sought essentially the same relief and were dismissed with prejudice. Our finding of sovereign immunity, however, obviates the need to address this issue.

### III. CONCLUSION

Sovereign immunity proscribes Penn's counterclaim for affirmative injunctive relief. Consequently, we must grant the Government's motion to dismiss. However, we deny the Government's motion for summary judgment.